IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| PULLEN FARM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:23cv00032 |
| v. | ) | |
| | ) | |
| SEEDWAY, LLC, | ) | By: Hon. Robert S. Ballou |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, Pullen Farm, LLC ("Pullen Farm") brings this case against Seedway, LLC ("Seedway) with claims for fraudulent inducement, violations of the Virginia Uniform Commercial Code, and breach of contract, all arising from the sale of a seed mix containing ryegrass seed, for planting in a field used to grow horse hay. Seedway has moved to dismiss Count I for fraud in the inducement. Dkt. 19. Because Pullen Farm fails to plead fraud in the inducement with the required particularity, I **GRANT** the motion and **DISMISS** Count I with leave to amend.

I.   **Background**[1]

Pullen Farm is a 2,000 acre farm located in Culpepper, Virginia, with about 400 acres "used exclusively to grow, harvest, market, and sell hay for horses." Compl. ¶ 2, Dkt. 1. In the Complaint, Pullen Farm explains that ryegrass can be deadly to horses, causing a condition affecting the central nervous system, and that hay containing contaminated ryegrass remains toxic "for many years." *Id.* ¶ 1. In August 2022, Jimmy Dyer, with Rockingham Cooperative, and John Falkenstein, Seedway Territory Field Manager for Virginia, spoke with the farm

---

[1] The Court accepts as true the facts alleged in the Complaint when reviewing a motion to dismiss. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

1

manager for Pullen Farm, Alden J. Pullen "(A.J. Pullen") regarding a blend of orchard grass "for use in Pullen's hay fields [in] the coming year." *Id.* ¶ 9. Rockingham Cooperative is not a defendant in this lawsuit. Dyer and Falkenstein promoted and offered to sell Pullen Farm a blended "orchard grass" seed mix, consisting of "85% Seedway 'Extend' grass seeds and 15% Seedway 'Devour' grass seeds", that they claimed would be suitable for Pullen Farm's use in its fields. *Id.* Pullen Farm alleges that Dyer and Falkenstein "knew that Pullen [Farm] used the fields to grow hay for horses" and that Seedway's claim that the seed mix would be an "orchard grass blend" was a misrepresentation. *Id.* ¶¶ 9, 27. Relying on Dyer and Falkenstein's recommendation and representations, Pullen Farm purchased 60 bags of blended orchard grass, approximately 3,000 pounds. *Id.* ¶ 10. Pullen Farm does not allege the date of the sales contract, does not indicate whether it contracted with Seedway or Rockingham Cooperative to purchase the seed, and does not attach the sales contract.

Seedway[2] filled the seed bags outside Virginia and created and attached identifying tags, then Rockingham Cooperative delivered the seed bags to Pullen. *Id.* ¶ 11. On delivery, each bag of seed was marked "AJ PULLEN Mix" with Seedway tags representing that the bags contained 93.25% orchard grass, 1.27% "other crop *variety not stated, 5.08% inert matter, and .4% weed seed," the tags did not disclose that the mix included ryegrass. *Id.* Prior to the planting at issue, "Pullen's fields contained no ryegrass." *Id.* ¶ 12. However, in December 2022 and February 2023 after Pullen planted the Seedway mix, A.J. Pullen told Dyer that the grass coming up "looked like ryegrass." *Id.* ¶ 13. Dyer reported Pullen's concern to Falkenstein who then responded that it was not ryegrass, and that "Seedway Devour orchard grass 'looks like ryegrass.'" *Id.* ¶ 14. By

---

[2] The Complaint indicates that "defendants filled the bags with seed," with the original defendants in this action being Seedway and Growmark, Inc. However, Growmark has been dismissed without prejudice as a defendant. Dkt. 15.

April 2023, the ryegrass began to head, and it appeared to A.J. Pullen that over 50% of the fields contained ryegrass. *Id.* ¶ 16.

On April 27, 2023, David Galer, Seedway Sales Manager, Scott Rushe, Seedway Forage Market Development Manager, and Dyer, looked at the fields containing the ryegrass, and Galer admitted:

> Seedway used the "wrong Extend orchard grass" – they had used seed that was meant for pasture blends not hay fields. Galer said he had bought the seed sold to Pullen at a discounted rate, that it was not meant to be sold to Pullen, but "someone messed up."

*Id.* ¶ 18. Seedway's Farm Seed Business Manager, Adam Robertson, initially discussed replacing Pullen Farm's lost hay, but Robertson eventually changed his tune and denied Seedway had done anything wrong. *Id.* ¶ 19, 20. Pullen Farm had samples of the seed tested at the Virginia Department of Agriculture Seed Laboratory which showed that "5.77% of the mix in the bags was 'crop seed', including 4.5% ryegrass." *Id.* ¶ 23. Despite mitigation efforts, Pullen Farm now contends it will take up to three years to restore the fields to their previous condition. Pullen Farm seeks compensatory damages of over $2,500,00 related to Count I. *Id.* ¶ 31.

## II.     Law & Analysis

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, a complaint does not satisfy this standard with only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). The complaint must assert facts that "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Fraud in the inducement requires proof of: (1) a material misrepresentation by the defendant, (2) which induces the contract, (3) on which the plaintiff had a right to rely, and (4) damages. *Abi-Najm v. Concord Condo., LLC*, 699 S.E.2d 483 (Va. 2010) (noting that fraud in the inducement is grounds for rescission of the contract and also grounds for an action for damages); *Nestler v. Scarabelli*, 886 S.E.2d 301, 312 (Va. 2023). The Supreme Court of Virginia has held that "concealment of a material fact may constitute the element of misrepresentation." *Van Deusen v. Snead*, 441 S.E.2d 207, 209–10 (Va. 1994); *see also Spence v. Griffin,* 372 S.E.2d 595, 598–599 (Va. 1988) (rejecting the argument that "the only type of misrepresentation contemplated by the definition of actual fraud is an intentional, express verbalization of a falsehood") *quoting Allen Realty Corp. v. Holbert,* 318 S.E.2d 592, 597 (Va. 1984) (citation omitted). Allegations of fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) and be pleaded with particularity, including the identity of the alleged perpetrators and the details of the time and place of the fraud. *Tuscarora v. B. VA. Credit Corp.,* 218 Va. 849, 858 (1978); Fed. R. Civil Procedure 9(b).[3] Under Rule 9, the circumstances constituting fraud or mistake must be stated with particularity, but a plaintiff may allege generally "conditions of a person's mind" such as malice, intent, and knowledge. *Id.*

Pleading fraudulent inducement requires a plaintiff to allege with particularity, that the material misrepresentation occurred *prior to* the formation of the contract and induced the formation of the contract. The Supreme Court of Virginia stated in *Ware v. Scott*:

> [E]ven though fraudulent, a misrepresentation made subsequent to, or a concealment of a fact arising after, [f]ormation of a contract cannot constitute fraudulent inducement to

---

[3] Federal courts sitting in diversity apply federal procedural law and state substantive law. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.,* 736 F.3d 255, 261 n. 3 (4th Cir.2013). A plaintiff alleging a fraud claim in a diversity case, such as this one, must meet the heightened pleading standard imposed by Rule 9(b). *See Anderson v. Sara Lee Corp.,* 508 F.3d 181, 189 (4th Cir. 2007).

> enter into the contract; the misrepresentation or concealment must have been intended to induce and must, in fact, have induced the formation of the contract.

257 S.E.2d 855, 857 (Va. 1979) (citations omitted); *see also Abi-Najm*, 699 S.E.2d at 490 (*quoting Boykin v. Hermitage Realty,* 360 S.E.2d 177, 178 (1987) (noting that an action for fraud can sometimes be based on promises made with the present intent not to perform, where the "false representation of an existing intention to perform is the misrepresentation of fact").[4]

Under this framework, Pullen Farm must set out particular factual allegations that Seedway materially misrepresented the seed mix prior to contract formation, and with a present intention not to provide a suitable seed to Pullen Farm, that induced the contract. Allegations of this nature would put this case in the realm of cases where the Supreme Court of Virginia has found fraudulent inducement adequately alleged, such as *Abi-Najm*, 699 S.E.2d 483. In *Abi-Najm*, the plaintiffs contracted for the purchase of condominiums which were then under construction. The defendant represented that they would install a specific hardwood flooring. *Id.* at 485. Instead of the specified hardwood, the defendant used "prefabricated engineered hardwood" and the plaintiffs sued, alleging that the defendant knowingly misrepresented the flooring it intended to use "*before* a contract between the two parties came into existence," and the plaintiffs had relied on the misrepresentation when entering into the contract. *Id.* at 490 (emphasis in original).

---

[4] Thus, fraudulent inducement is an exception to the general rule that an action for fraud "cannot ordinarily be predicated on unfulfilled promises or statements as to future events" otherwise, "every breach of contract could be made the basis of an action in tort for fraud." *Abi-Najm*, 699 S.E.2d at 491 (*quoting Lloyd v. Smith,* 142 S.E. 363, 365 (Va. 1928); *see also Tingler v. Graystone Homes, Inc.*, 834 S.E.2d 244, 256 n. 11 (2019) (while claims of actual or constructive fraud may be barred by the source of duty rule, claims for fraudulent inducement "logically preexist before the contract allegedly induced and thus stand as a viable tort claim").

Here, plaintiff does not allege in Count I with sufficient particularity when the contract was formed, or the identity of the parties to the contract[5], and thus, it is not clear whether any misrepresentation regarding the presence of rye in the seed mix occurred prior to or induced the contract formation. Pullen Farm alleges generally that the material misrepresentations occurred in August and September 2022 "for the purpose of (a) procuring Pullen's agreement to purchase seed, and (b) inducing Pullen to pay for the seed and plant it in Pullen's fields." Complaint ¶ 27. Pullen Farm alleges that Seedway's "representations were false at the time they were made," that Seedway knew that the bags contained ryegrass and that it was misleading Pullen Farm, that Seedway intentionally mislabeled the bags, and that Pullen Farm would never have purchased the seed mix had it known it contained ryegrass. *Id*. Pullen Farm makes no allegation of precisely when it entered into any contract with Seedway or the extent that, before doing so, A.J. Pullen discussed with Seedway the requirement that the seed mix not contain rye, as opposed to simply growing hay suitable for horses.

### III.   Conclusion

Accordingly, Seedway's motion to dismiss Count I will be granted and Count I will be dismissed with leave to amend.

Entered:  March 21, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[5] I recognize that the Supreme Court of Virginia has not definitively decided whether a fraud in the inducement claim requires privity of contract. *See e.g. Tingler*, 834 S.E.2d at 256 (noting "But we have never held, despite the presence of an existing contractual relationship, that a claim for actual fraudulent inducement, which involves a new contract induced with a third party, is barred by the source-of-duty rule); *Augusta Mut. Ins. Co. v. Mason*, 645 S.E.2d 290, 294 (Va. 2007) ("In light of our decision, it is not necessary to decide whether a claim for fraud in the inducement exists when the party engaging in the alleged fraudulent conduct is not a party to the contract fraudulently induced."); *Station #2, LLC v. Lynch*, 280 Va. 166, 173, 695 S.E.2d 537, 541 (2010) (same).